UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS J. GARCIA, | No.  2:15-cv-1888 MCE CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> & |
| BONNIE LEE, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a state prison inmate, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983.  On October 15, 2015, plaintiff's original complaint was dismissed for failure to state a claim, and plaintiff was granted leave to file an amended complaint.  (ECF No. 8.)  Plaintiff's amended complaint ("FAC") is now before the court for screening.  (ECF No. 13.)  <u>See</u> 28 U.S.C. § 1915A(a).

Plaintiff's allegations concern prison officials' failure to provide him Boost dietary supplements for weight gain in 2014 and 2015.  He alleges that, after he was transferred to High Desert State Prison in June 2014, defendant Hogue (a Registered Nurse) reviewed his chart but failed to honor his medical chrono for Boost supplements or migraine medication.

Plaintiff submitted a grievance seeking a refill of his migraine medicine.  He also asked to receive his Boost supplements.  Defendant Bryant responded to the grievance, noting that

1

1 plaintiff's migraine medication was recently dispensed from the pharmacy, and no order was
2 found from plaintiff's previous institution ordering Boost supplements.  (FAC, Ex. D.)  Plaintiff's
3 inmate appeal was subsequently granted, and he received daily Boost supplements until January
4 30, 2015.

5 After plaintiff's supplements were discontinued, he filed appeals asking to have them
6 reinstated.  As recounted in the first screening order, medical staff reviewed plaintiff's appeals,
7 evaluated plaintiff, and concluded there was no medical need for continued supplements.

8 There is a two-part test for deliberate indifference in the Ninth Circuit.  Plaintiff must
9 show a medical need and that the defendant's response to the need was deliberately indifferent.
10 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  This second prong is satisfied by showing
11 (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b)
12 harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be
13 aware of facts from which the inference could be drawn that a substantial risk of serious harm
14 exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837
15 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually
16 was." Id. at 839.

17 A showing of merely negligent medical care is not enough to establish a constitutional
18 violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).  A difference of opinion about
19 the proper course of treatment is not deliberate indifference, nor does a dispute between a
20 prisoner and prison officials over the necessity for or extent of medical treatment amount to a
21 constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004);
22 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

23 Here, construing the FAC in the light most favorable to plaintiff, the undersigned finds it
24 states a deliberate indifference claim against defendant Hogue.  (See FAC, ¶¶18-22, Exs. B & C.)
25 As to the other defendants, the FAC fails to cure the defects of the original complaint.  There is
26 no indication that defendant Bryant knew plaintiff had a chrono for Boost supplements, and the
27 events after January 30, 2015 reflect a difference of opinion between plaintiff and medical staff as
28 to plaintiff's need for ongoing daily supplements.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant: J. Hogue.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the amended complaint filed November 2, 2015.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 1 above;

   d. Two copies of the endorsed amended complaint filed November 2, 2015.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as to all defendants except Hogue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / garc1888.fac_fr

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS J. GARCIA,<br><br>        Plaintiff,<br><br>   v.<br><br>BONNIE LEE, et al.,<br><br>        Defendants. | No.  2:15-cv-1888 MCE CKD P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____

                        Complaint

DATED:

                                        _____

                                        Plaintiff